**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roland Cooke,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>The Corporation of the President of the Church of Jesus Christ of Latter Day Saints; The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints,<br><br>　　　　Defendants. | No. CV 08-8080-PCT-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendants Corporation of the President of the Church of Jesus Christ Latter-day Saints and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #36). Also pending before the Court are Plaintiff Roland Cooke's Motion for Extension of Time to File Further Petitions (Dkt. #38), Motion for "the Judge to Declare the Confiscation of the United Effort Plan Illegal" (Dkt. #44), Motion for a Negotiated Settlement (Dkt. #45), Motion for Summary Judgment for Monetary Damages (Dkt. #47), Motion to Amend Complaint: Damages (Dkt. #48), and Amended Motion for "Immediate Judgment to Declare the Confiscation of the Unit Effort Plan Illegal" (Dkt. #50). After reviewing the pleadings and determining that oral argument is unnecessary, the Court issues the following Order.

# I. BACKGROUND

On June 30, 2008, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against "The Mormon Church" and the Federal Bureau of Investigation ("FBI"), asserting the following counts: Count 1 – "[o]ur homes and our property have been stolen, partly because the FBI and greatly because of the Mormon Church"; Count 2 – "Warren Jeffs was put on Ten Most Wanted because he married a whore to ____ Steed"; and Count 3 – "[t]he FBI has invaded our church house." (Dkt. #1). Plaintiff requested monetary damages against "The Mormon Church" in the amount of "25 bilion [sic] dollars" and against the FBI in the amount of "12 bilion [sic] dollars." (Id.). Plaintiff filed a Motion for Default Judgment on August 14, 2008 (Dkt. #9), which the Court subsequently denied as Plaintiff failed to first seek default judgment from the Clerk of the Court as required under Fed.R.Civ.P. 55(a). (Dkt. #12).

On August 22, 2008, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints appeared on behalf of "The Mormon Church"[1] and moved to dismiss Plaintiff's complaint for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5). (Dkt. #10). Plaintiff subsequently filed a motion for default judgment, motion to change the name (or add as a defendant) and alternative petition to file an amended complaint, motion for injunctive relief, motion to consolidate cases and dismiss charges against Warren Jeffs, motion for summary judgment against the Mormon Church, and motion for immediate injunctive relief. (Dkt. #s 18, 19, 21, 23, 24, 26, 27). The Court granted the motion to dismiss and dismissed without prejudice the Complaint on November 25, 2008. (Dkt. #32). The Court thus denied as moot Plaintiff's motions for default judgement and to change name (or add as a defendant), and denied Plaintiff's motions for injunctive relief, motion to consolidate cases and dismiss charges against Warren Jeffs, motion for summary judgment, and motion for immediate injunctive relief

---

[1] The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints is a Utah corporation sole that conducts legal affairs on behalf of the Church of Jesus Christ of Latter-day Saints.

because Plaintiff failed to present sufficient facts or cite to sufficient authority to allow the Court to rule on such motions. (Id.). The Court also granted Plaintiff's motion for leave to file an amended complaint, but denied Plaintiff's request for the Court to appoint a United States Marshal to effect service. (Id.).

Plaintiff filed an amended complaint on December 9, 2008. (Dkt. #33). The amended complaint names the Corporation of the President of the Church of Jesus Christ Latter-day Saints and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints as defendants; but drops the FBI as a named defendant in this action. (Dkt. #33). The complaint includes a single count of "discrimination, persecution for religion" brought pursuant to 42 U.S.C. § 1983, and seeks 250 million dollars in damages against each defendant. (Id.). In his amended complaint, Plaintiff alleges, among other things, that "[t]he Mormon Church has used the state of Utah [to conduct a] religious war against Warren Jeffs and his people," has "launched a successful media campaign to label us child abusers and polygamists," and "labled [sic] Warren Jeffs a terrorist [and] taken away our homes and our property (hundreds of millions of dollars value)[,] selling it away like thieves that they are . . . . Shame on Utah. Shame on the Mormon Church." (Id., pp. 3, 4). Plaintiff also attaches an "Appendage," in which he briefly discusses the history of polygamy and the Mormon Church.

On December 18, 2008, Defendants filed a Motion to Dismiss Amended Complaint (Dkt. #36) for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and as barred by the doctrine of res judicata. (Dkt. #36). Plaintiff filed a response on January 5, 2009. (Dkt. #37). Plaintiff subsequently inundated the Court with motions: (1) Motion for Extension of Time to File Further Petitions (Dkt. #38), (2) Motion to Consolidate Cases (with CV 09-8003-PCT-LOA) (Dkt. #39)[2], (3) Motion for "the Judge to Declare the Confiscation of the United Effort Plan Illegal" (Dkt. #44), (3) Motion for a Negotiated Settlement (Dkt. #45), (4) Motion for Summary Judgment for Monetary Damages (Dkt.

---

[2] Plaintiff withdrew his motion to consolidate cases on March 24, 2009.

#47), (5) Motion to Amend Complaint: Damages (Dkt. #48), and (6) Amended Motion for "Immediate Judgment to Declare the Confiscation of the Unit Effort Plan Illegal" (Dkt. #50). As a result, the Court ordered that Plaintiff could not file any new motions without leave of the Court until the Court ruled on the pending motion to dismiss. (Dkt. #53).

On April 22, 2009, Plaintiff filed a "Notice of Intent to Appeal," which was redocketed as a notice of interlocutory appeal, stating that "[w]e have received permission . . . from the 9th Circuit Court in San Francisco to appeal our case to their court and intend on May 6 to do so unless we have some action from this court toward returning our homes and property." (Dkt. #55). The appeal was processed to the Ninth Circuit on June 12, 2009.[3] (Dkt. #s 58, 59).

## II. LEGAL STANDARD

The Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the Court "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b))6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[3]Plaintiff does not appeal any particular order; he simply complains of the Court's failure to rule on the pending motions by a date imposed by him. (Dkt. #56). The Court thus retains jurisdiction to rule on the pending motions. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("[I]t is obviously preferable to postpone the notice of appeal until after the motion is disposed of."); Ruby v. Secretary of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

- 4 -

1  relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)
2  (quoting Twombly, 550 U.S. at 570). Compare Wyler Summit Partnership v. Turner
3  Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) ("[A]ll well-pleaded allegations of
4  material fact are taken as true and construed in a light most favorable to the nonmoving
5  party.") with Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)
6  ("[T]he court [is not] required to accept as true allegations that are merely conclusory,
7  unwarranted deductions of fact, or unreasonable inferences."). "Threadbare recitals of the
8  elements of a cause of action, supported by mere conclusory statements, do not suffice."
9  Id. ; Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of
10 action will not do.").

However, "[a] dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). Also, in evaluating a motion to dismiss, a district court need not limit itself to the allegations in the complaint; but may take into account any "facts that are [ ] alleged on the face of the complaint [and] contained in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

**III.    DISCUSSION**

    **A.    Res Judicata**

Defendants argue that "[Plaintiff's] Amended Complaint is [ ] barred by the doctrine of res judicata" because it is based on the same facts, and is between the same parties, as a complaint Plaintiff filed in Utah state court on May 6, 2008. (Dkt. #36, pp. 3-4). That complaint was dismissed with prejudice by the state court on July 17, 2008. (Dkt. #36, p.3). In response, Plaintiff contends that his claims are not barred by res judicata because the complaint filed in Utah state court "was a complaint for the citizens of Utah. This Complaint is for the citizens of Arizona . . . . [and] the issues are completely different and have no bearing on each other whatsoever . . . ." (Dkt. #37, p.2).

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 93 (1980). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus, the Court applies Utah law concerning the preclusive effect of the Utah judgment.

Under Utah law, "[f]or claim preclusion to bar a claim in a subsequent action, (1) the subsequent action must involve the same parties, their privies, or their assigns as the first action, (2) the claim to be barred must have been brought or have been available in the first action, and (3) the first action must have produced a final judgment on the merits of the claim." Culbertson v. Bd. of County Comm'rs of Salt Lake City, 44 P.3d 642, 648 (Utah 2001). "'[A] judgment is on the merits if it completely disposes of an underlying cause of action, or *determines that plaintiff has no cause of action* . . . .'" Dennis v. Vasquez, 72 P.3d 135, 138 (Utah App. 2003) (quoting 50 C.J.S. Judgment § 728 (1997) (emphasis in original)).

Here, the instant action appears to involve the same parties and claims as those asserted in the complaint filed in Utah state court. Compare Dkt. #33 with Dkt. #36, Exh. 1.[4] But the record does not clearly demonstrate the entry of a final judgment on the merits in the prior action.

"Ordinarily, dismissal with prejudice constitutes a final judgment." Gardner v. Board of County Com'rs of Wasatch County, 178 P.3d 893, at 905 (Utah 2008). And

---

[4]The Court may take judicial notice of the complaint filed in Utah state court. See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

here, the prior action was clearly dismissed with prejudice. (Dkt. #36, Exh. 2). However, the state court did not indicate the reasons for dismissal.

The state court might have dismissed the case due to the fact that "Plaintiff [did] not oppose[ ] the motion to dismiss and, in fact, [ ] consented to dismissal with prejudice." (Id., p.1). In that event, such dismissal with prejudice would appear to constitute a final judgment on the merits. See Garnder, 178 P.3d at 904-05 (applying res judicata to bar relitigation of issue when parties stipulated to dismiss prior action). But see Karlsson Group, Inc. v. Langley Farm Invs., LLC, 2008 U.S. Dist. LEXIS 80797, at *13 (D. Ariz. 2008) ("[A] stipulated judgment [for dismissal with prejudice in one court] does not categorically bar the refiling of the same action in [another court].") (citing Semtek International, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001)); Riley v. Haw. Dep't of Pub. Safety, 2007 U.S. Dist. LEXIS 86369, at *19-21 (D. Haw. 2007) (same).

In any event, as the state court also granted the defendants' motion to dismiss in the prior action, it appears more likely that the prior action was dismissed with prejudice on the basis of the motion to dismiss. (Dkt. #36, p.2). But Defendants fail to attach the previous motion to dismiss; and thus the Court cannot determine whether the Utah state court ruled on the merits of Plaintiff's claims prior to dismissing the prior action. See Karlsson, 2008 U.S. Dist. LEXIS 80797, at *14 (Whether the [prior] dismissal has preclusive effect in this Court depends on additional matters, such as whether the [original] court passed on the substance of the plaintiffs' claims prior to dismissing the case.") (citing Semtek, 531 U.S. at 501-03). To that end, the Court notes that while a dismissal with prejudice for failure to state a claim may constitute a final judgment on the merits, see Dennis, 72 P.3d at 138, "a dismissal for lack of jurisdiction does not result in an adjudication upon the merits," Beaver v. Qwest, Inc., 31 P.3d 1147, 1152 (Utah 2001). Defendants have not presented the Court with sufficient evidence to determine at this time whether the Utah state court ruled on the merits of Plaintiff's claims. See Zufelt v. Haste, Inc., 142 P.3d 594, at 597 ("The burden of establishing each of the elements of res

1 judicata is on . . . the party invoking the doctrine in this case."). Accordingly, the Court
2 cannot hold that Plaintiff's claims in this action are barred by the doctrine of res judicata.

### C. Fed.R.Civ.P. 12(b)(6) – Failure to State a Claim

Defendants also ask the Court to dismiss with prejudice Plaintiff's amended complaint because "[t]he allegations in the Amended Complaint state no cognizable claim" and "no other legal theory could possibly salvage the Amended Complaint." (Dkt. #36, p.2). Specifically, Defendants contend that because "the only cited legal basis for the Amended Complaint is 42 U.S.C. § 1983" and Defendants are not state actors, "[n]o claim lies under § 1983." (Id.). Plaintiff responds that "[n]ever before in the history of America has there been such a clear violation of Civil Rights, and a violation of every Constitutional Right to a good, innocent, honest, law abiding group of people." (Dkt. #37, p.1). Plaintiff also reiterates that the claim is "discrimination against persons for a religion" and states that "at least 110 million dollars worth of property was confiscated and put in the care of Bruce Weisan (a member of the Mormon Church) to sell of [sic] as quickly as possible." (Id.).

Liberally construed, Plaintiff's Amended Complaint alleges that Defendants violated 42 U.S.C. § 1983 by discriminating against them because of their exercise of their First Amendment right of free exercise of religion and without the process due them under the Fourteenth Amendment. Section 1983 "prohibits interference with federal rights under color of state law." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Thus, "[t]he ultimate issue in determining whether a person [or entity] is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). And so the issue presented is whether Defendants' alleged action "can fairly be seen as state action." Id.; accord Morse v. North Coast Opportunities, 118 F.3d 1338, 1340 (9th Cir. 1997) ("In order to maintain a cause of action based on an allegation of constitutional

1  violations, a plaintiff must show that the actions complained of are 'fairly attributable' to
2  the government.").

3       Defendants are Utah corporations that conduct the legal affairs of the Church of
4  Jesus Christ of Latter-day Saints. As such, they are private entities, not state actors. See
5  Deleo v. Rudin, 328 F.Supp.2d 1106, 1114 (D. Nev. 2004) ("Neither the Church nor its
6  members are state actors for § 1983 purposes."). Section "1983 excludes from its reach
7  merely private conduct, no matter how discriminatory or wrong." Sutton v. Providence
8  St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted). But the
9  inquiry does not end there. "[T]he acts of a private party [may be] attributable to the state
10 on certain occasions when the private party acted in concert with state actors."
11 Rendell-Baker, 457 U.S. at 838 n. 6; see Chico Feminist Women's Health Center v. Butte
12 Glenn Medical Society, 557 F.Supp. 1190, 1195 ("The requisite degree of state
13 involvement . . . . exists when the state has 'so far insinuated itself into a position of
14 interdependence with [the private entity] that it must be recognized as a joint participant
15 in the challenged activity. . . .'") (quoting Burton v. Wilmington Parking Authority, 365
16 U.S. 715 (1961)). And here, Plaintiff alleges that "the [M]ormon [C]hurch has [acted in
17 collusion] with the state of Utah and Arizona to discriminate against [him]." (Dkt. #33,
18 p.4).

19      Nonetheless, "a complaint [does not] suffice if it tenders 'naked assertions[s]'
20 devoid of 'further factual enhancements.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly,
21 550 U.S. at 557). "To survive a motion to dismiss, . . . the plaintiff [must] plead[ ]
22 factual content that allows the court to draw the reasonable inference that the defendant is
23 liable for the misconduct alleged." Id.

24      In his amended complaint, Plaintiff fails to plead any facts sufficient to allow the
25 Court to reasonably infer that Defendants were either "engaging in a traditional and
26 exclusive public function [or] responding to state compulsion . . ." Brentwood Academy
27 v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 294 (2001). Plaintiff's
28 conclusory allegations of collusion amongst Defendants and the States of Utah and

Arizona, as well as the allegation that his "property was confiscated and put in the care of . . . a member of the Mormon Church[,]"[5] are not sufficient to permit the Court to infer any sort of invidious discrimination or actionable "joint participation" between the States of Utah and Arizona and the LDS Church. See Lynch v. Donnelly, 465 U.S. 668, 673 (1984) ("Nor does the Constitution require complete separation of church and state; it affirmatively mandates accommodation, not merely tolerance, of all religions, and forbids hostility toward any"); see also Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) ("The Court has never held, of course, that discrimination by an otherwise private entity would be violative of the Equal Protection Clause if the private entity receives any sort of benefit or service at all from the State . . .").

The Court "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff's conclusory and unsupported allegations of Defendants' collusion with the States of Utah and Arizona to engage in discrimination and religious persecution of members of the FLDS Church, however, fail to satisfy the plausibility requirement of Fed.R.Civ.P. 8(a)(2), as imposed by the Supreme Court in Twombly and Iqbal. "To be clear . . . . [i]t is the conclusory nature of [Plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." Iqbal, 129 S.Ct. at 1951. And "[b]ecause [Plaintiff] ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570; see also Iqbal, 129 S.Ct. at 1949 ("[A] complaint must contain sufficient factual

---

[5] Plaintiff's complaint that Defendants "have taken our homes and our property and put them in control of a man who is selling them away for his own game. . . . is an apparent reference to the fact that, in 2005, the State of Utah took control of the United Effort Plan Trust, which holds property of the members of the Fundamentalist Church of Jesus Christ of Latter-day Saints." (Dkt #36, p2; Dkt. #28, Exh. 2). The Court may take judicial notice of these facts under Fed.R.Evid. 201. See U.S. v. W.R. Grace, 504 F.3d 745, 766 (9th Cir. 2007) ("[W]e have discretion to take judicial notice under Rule 201 of the existence and content of published articles.").

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570).

However, in an abundance of caution, the Court will grant Plaintiff leave to file a motion for leave to amend the amended complaint. Leave to amend should be granted even if no request to amend the pleading is made, unless "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). "This rule is 'particularly important for the pro se litigant.'" Id. at 1131 (quotation omitted). Plaintiff is cautioned to strictly comply with the District of Arizona's Local Rule of Civil Procedure 15.1 and Federal Rule of Civil Procedure 8(a)(2).[6] Plaintiff is also cautioned, as discussed above, that any amended complaint must allege specific facts to state a claim for relief that is plausible on its face. See Iqbal, 129 S.Ct. at 1949.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss. (Dkt. #36).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's (1) Motion for Extension of Time to File Further Petitions (Dkt. #38), (2) Motion for "the Judge to Declare the Confiscation of the United Effort Plan Illegal" (Dkt. #44), (3) Motion for a Negotiated Settlement (Dkt. #45), (4) Motion for Summary Judgment for Monetary Damages (Dkt. #47), (5) Motion to Amend Complaint: Damages (Dkt. #48), and (6) Amended Motion for "Immediate Judgment to Declare the Confiscation of the Unit Effort Plan Illegal" (Dkt. #50).

**IT IS FURTHER ORDERED** dismissing with prejudice Plaintiff's Amended Complaint. (Dkt. #33). However, the Court will permit Plaintiff – if he chooses – to file a Motion for Leave to Amend his Complaint. The motion must comply with the District

---

[6]"A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2).

- 11 -

of Arizona's Local Rule of Civil Procedure ("LRCiv") 15.1, which requires any party filing a motion for leave to amend to (1) indicate in what respect the amended pleading differs from the dismissed complaint, and (2) attach a copy of the proposed amended pleading to the motion for leave to amend. LRCiv 15.1(a). Plaintiff must also lodge with the Clerk of Court an original of the proposed amended pleading per LRCiv 15.1(b). The motion for leave to amend complaint must be filed no later than August 24, 2009. Defendants' response must be filed no later than September 4, 2009; and any reply by Plaintiff no later than September 11, 2009. Plaintiff must seek leave of the Court before filing any motions other than a motion for leave to amend complaint until the Court has ruled on the motion for leave to amend.

DATED this 5th day of August, 2009.

_____
Mary H. Murguia
United States District Judge